IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMAL EDWARD VERDREE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-149 |
| | ) | |
| RICHMOND COUNTY BOARD OF EDUCATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se*. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

I.   **SCREENING OF THE COMPLAINT**

   A.   **BACKGROUND**

Plaintiff names the Richmond County Board of Education as the only Defendant. (Doc. no. 1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Plaintiff has been employed by Defendant for nine years. (Id. at 6.) On August 27, 2018 Plaintiff was injured on the job. (Id.) In January 2019, while under doctor care, Plaintiff received a letter of admonishment and transfer, stating Plaintiff was demoted. (Id.) As a result, Plaintiff received a pay cut and no longer held a supervisory position. (Id.) For relief, Plaintiff seeks reinstatement to his supervisor position and

monetary relief, asserting claims under the the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112. (Id.) Plaintiff has not attached, nor claimed to have sought, permission to file suit through the Equal Employment Opportunity Commission ("EEOC").

### B.     DISCUSSION

#### 1.     Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant

unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails To State A Claim Under The EPA

Plaintiff asserts an employment discrimination claim under the EPA, 29 U.S.C. § 206(d).  To state a discrimination claim under the EPA, Plaintiff must demonstrate "the employer paid employees of one gender lower wages for equal work which required 'equal skill, effort, and responsibility, and which [was] performed under similar working conditions.'"  Arafat v. School Bd. Of Broward County, 549 F. App'x 872, 875 (11th Cir. 2013) (quoting Steger v. Gen. Elec. Co., 218 F.3d 1066, 1078 (11th Cir. 2003).  Plaintiff fails to state a claim because he does not allege any discrimination on the basis of gender, and does not allege Defendant paid him lower wages while performing equal work

### 3. Plaintiff's ADA Claim Should Be Dismissed for Failure to Exhaust Administrative Remedies

Although a plaintiff may bring a private action under the ADA in federal court, "before filing suit under Title VII, the ADA, or the ADEA, a plaintiff must exhaust all available administrative remedies by filing a charge with the EEOC" Anderson v. Embarq/Sprint, 279 F. App'x 924, 926 (11th Cir. 2010) (citing, *inter alia*, 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a)); McElroy v. Savannah Technical College, No. 4:16-CV-046, 2016 WL 3509488 at *2 (S.D. Ga. May 25, 2016), *adopted by*, 2016 WL 3512225 (S.D. Ga. June 20, 2016) (dismissing for failure to receive right-to-sue letter from EEOC). Plaintiff did not attach with his complaint any indication he exhausted his administrative remedies by filing a charge with the EEOC. Plaintiff must pursue all available administrative remedies before filing in federal court. Accordingly, Plaintiff's ADA claim should be dismissed for failure to exhaust administrative remedies, upon exhaustion Plaintiff may re-file his ADA claim. See Tobar v. Federal Defenders Middle Dist. Of Georgia, Inc., 618 F. App'x 982, 985 n.2 (11th Cir. 2015) (affirming dismissal for failure to exhaust administrative remedies); Burnett v. City of Jacksonville, Fla., 376 F. App'x 905, 907 (11th Cir. 2010) (affirming dismissal without prejudice where complaint did not allege filing with EEOC or issuance of right-to-sue letter).

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** without prejudice, and this case be **CLOSED**.

SO REPORTED AND RECOMMENDED this 8th day of December, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA